UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
DANIEL MORENO,

        Plaintiff,

        17 CV 1669 (SJ) (SMG)

        <u>MEMORANDUM
AND ORDER</u>

        -against-

ELIZABETH ROGAK

        Defendant.
---------------------------------------------------X

A P P E A R A N C E S

KUPILLAS, UNGER & BENJAMIN, LLP
1 Linden Place, Suite 410-A
Great Neck, New York 11021
By:    Jeffrey Benjamin
        Robert M. Unger
*Attorneys for Plaintiff*

FARRELL FRITZ, P.C.
622 Third Avenue, Suite 37200
New York, New York 10017
By:    Hillary A. Frommer
*Attorneys for Defendants*

JOHNSON, Senior District Judge:

Presently before the Court is Defendant Elizabeth Rogak ("Defendant")'s motion to dismiss the Complaint for, inter alia, lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons that follow, Defendant's motion is granted.

## BACKGROUND

This is tort action for damages arising out of the management of an estate. Plaintiff Daniel Moreno ("Plaintiff") brought this suit claiming diversity of jurisdiction. Because the Court lacks subject matter jurisdiction over this action, it need not reach the other prongs of Defendant's motion to dismiss.

## DISCUSSION

In reviewing a motion to dismiss under Rule 12(b)(1), a "court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff," but "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008) (internal quotation marks and citation omitted), aff'd, 561 U.S. 247 (2010). Rather, "[t]he district court may look to evidence outside the pleadings and hold an evidentiary hearing, if it believes one is warranted, in resolving the question of jurisdiction."

Anglo-Iberia Underwriting Mgmt. v. P.T. Jamsostek, 600 F.3d 171, 175 (2d Cir. 2010).

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). The standard for reviewing a 12(b)(1) motion to dismiss is the same as the 12(b)(6) standard, except that a "plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Id.

"[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." United States v. Cotton, 535 U.S. 625, 630 (2002). Federal courts have limited subject-matter jurisdiction that exists only where there exists a "federal question" or "diversity of citizenship," and the amount in controversy exceeds $75,000.00. 28 U.S.C. §§ 1331, 1332. "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." Arbaugh v. Y&H Corp., 546 U.S. 500, 502 (2006); see also Fed. R. Civ. P. 12(h)(3).

Here, despite checking the box that this case was brought in federal court based on diversity jurisdiction, Plaintiff has not properly invoked this Court's subject matter jurisdiction. To establish diversity jurisdiction under section 1332, diversity must be complete. See Cushing v. Moore, 970 F.2d 1103, 1106 (2d Cir. 1992). Therefore, Plaintiff must allege that he and Defendant are citizens of

different states.  Plaintiff has failed to meet these basic pleading requirements.  At most, Plaintiff alleges that he "maintain[s] a residence in . . . California."  (Compl. ¶ 2 (Dkt. No. 1).)  But residence and domicile are not the same thing.  Sloan v. Truong, 573 F. Supp. 2d 823, 828 (S.D.N.Y. 2008).

Though Plaintiff has failed to sufficiently plead subject matter jurisdiction, this, in and of itself, is not fatal to Plaintiff's claim.  "[W]hile a complaint must present certain quite particular allegations of diversity jurisdiction in order to be adequate, the actual existence of diversity jurisdiction, ab initio, does not depend on the complaint's compliance with these procedural requirements."  Jacobs v. Patent Enforcement Fund, Inc., 230 F.3d 565, 567–68 (2d Cir. 2000) (emphasis in original).  However, Defendant raised Plaintiff's lack of diversity jurisdiction in her motion to dismiss (Def.'s Mem. at 1, 6–7 (Dkt. No. 12)), and appended a surrogate court filing in which Plaintiff lists New York as his domicile.  Plaintiff has not filed anything with the surrogate court indicating that his domicile has changed.  (Declaration of Elizabeth Rogak ¶¶ 7–8; Ex. D (Dkt. Nos. 12-1 & 12-5).)  The Court takes judicial notice of these facts.  See Anglo-Iberia Underwriting Mgmt., 600 F.3d at 175.  Moreover, Plaintiff has failed to respond to Defendant's contention that he was a citizen of New York at the time the Complaint was filed.

As Plaintiff has failed to allege, much less prove, complete diversity, diversity jurisdiction does not exist here.  The Court therefore dismisses the Complaint.

## **CONCLUSION**

For the aforementioned reasons, the Court grants Defendant's motion to dismiss with leave to amend within 20 days. The case is subject to dismissal without notice if amendment is not received within 20 days.[1]

SO ORDERED.

Dated: June 12, 2018                                        /s/
        Brooklyn, New York                     Sterling Johnson, Jr., U.S.D.J.

---

[1] In allowing leave to amend, the Court suggests that Plaintiff review the bases of federal jurisdiction and the "probate exception" to diversity jurisdiction, as well as Rule 11 of the Federal Rules of Civil Procedure regarding sanctions for frivolous claims. See Williams v. Revlon Co., 156 F.R.D. 39, 43 (S.D.N.Y.1994) (noting that the purpose of Rule 11 is to check abuses which cause "the waste of judicial resources and resulting inefficiencies and delays that affect all actual and potential litigants in the federal courts") (citing In re Martin-Trigona, 737 F.2d 1254, 1261–62 (2d Cir. 1984)).